**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, § § § | |
| **Plaintiff,** § § | |
| v. § | CIVIL ACTION NO. 4:17-cv-00368 |
| § | |
| N & A PROPERTIES, INC., MUSTAFA NADAF, and FILOMENO GRANDE MATA, § § § § | |
| **Defendants.** § | |

**PLAINTIFF ATLANTIC CASUALTY INSURANCE COMPANY'S
ORIGINAL COMPLAINT SEEKING DECLARATORY JUDGMENT**

Plaintiff, Atlantic Casualty Insurance Company (Atlantic Casualty), files its Original Complaint seeking a declaratory judgment and respectfully shows the Court as follows:

## I.
## PARTIES

1. Atlantic Casualty is a citizen of North Carolina, as it is a North Carolina corporation and has its principal place of business in North Carolina. Atlantic Casualty is not a citizen of Texas.

2. Defendant, N & A Properties, Inc. (N & A), is a Texas corporation, with its principal place of business in Fort Worth, Texas. Process may be served through its registered agent, Mustafa Nadaf, at 2424 Azle Avenue, Fort Worth, Texas 76106, at N & A's place of business, 10501 Jacksboro Highway, Fort Worth, Texas 76135, or wherever the registered agent may be found. N & A is a citizen of Texas and not a citizen of North Carolina.

3. Defendant, Mustafa Nadaf (Nadaf), is an individual citizen of Texas, who may be served at his place(s) of residence, 2600 Perkins Road, Arlington, Texas 76016, 2424 Azle

Avenue, Fort Worth, Texas 76106, or wherever he may be found. Nadaf is a citizen of Texas and not a citizen of North Carolina.

4. Defendant, Filomeno Grande Mata (Mata), is an individual citizen of Texas, who may be served at his place of residence, 516 Flowering Plum Lane, Fort Worth, Texas 76140, or wherever he may be found. Mata is a citizen of Texas and not a citizen of North Carolina.

5. N & A, Nadaf, and Mata collectively are referred to herein as the Defendants.

## II.
## JURISDICTION

6. The Court has jurisdiction over this lawsuit under 28 U.S.C §1332(a)(1) because the Plaintiff is a citizen of a different state than each Defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. The Court has personal jurisdiction over the Defendants because they are all citizens of Texas and all reside within the judicial district.

## III.
## VENUE

8. The district court exercises subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1332(a)(1) and not pursuant to 28 U.S.C. § 1333. Venue thus is governed by 28 U.S.C. § 1391. 28 U.S.C. § 1390. Under section 1391, a civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located. *Id*. § 1391(b)(1). As pleaded above, the Defendants are residents of the State of Texas. For venue purposes, N & A, Nadaf, and Mata are residents of Tarrant County, Texas. Tarrant County is within the Fort Worth Division of the Northern District of Texas. 28 U.S.C. § 124(a)(2). Because all Defendants reside in Tarrant County, which is within the Northern District of Texas and all Defendants are residents of the State of Texas, venue is proper in this district and division.

## IV.
## FACTS

9. Paragraphs 1-8 set forth above are incorporated herein by reference.

10. Atlantic Casualty brings this claim for a declaratory judgment under both Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

11. N & A is a Texas corporation formed on or about January 8, 2014. According to Texas Secretary of State records and associated tax filings, Nadaf is the registered agent, "Director," and "President" of N & A. There are no other officers or directors of record.

12. On October 26, 2016, Nadaf filled out an application for insurance. The application identified Nadaf as "applicant." When asked for a "complete description of the work performed by applicant," Nadaf responded "Commercial Property Held For Lease." The 10501 Jacksboro Highway location owned by N & A was thus classed on the application as "Buildings or premises bank, office, mercantile, mfg. (Lessors Risk only) Other than Not-For-Profit." (emphasis added).

13. Nadaf was also asked if "applicant [has] any other business ventures for which coverage is not requested," to which he responded "No." Nadaf stated that N & A had one employee with an "employee annual payroll of 10000 [sic]" not including the "owner." Nadaf further affirmed that N & A did not subcontract any work, and did not have any subsidiaries. Despite being formed in 2014, Nadaf identified N & A as a "new venture."

14. Based upon those representations and others made by Nadaf, Atlantic Casualty issued commercial property and commercial general liability insurance policy number M188000452 to N & A, with a policy period of October 31, 2016, to October 31, 2017 (the Policy).

15. In the application, Nadaf represented that N & A was the only entity, that it had a single employee, and it was solely the lessor on the property. Unbeknownst to Atlantic Casualty, Nadaf in fact leased the location he insured as "lessors risk only" to his own (undisclosed and

uninsured) scrap metal yard and/or recycling business with multiple undisclosed employees or contractors – 199 Recycling, Inc. (199 Recycling). 199 Recycling was formed by Nadaf on or about December 30, 2013. As is the case with N & A, Nadaf is the registered agent and sole officer of 199 Recycling.

16. This declaratory judgment action stems from a claim submitted by N & A under the Atlantic Casualty Policy for liability insurance coverage for bodily injury to Mata.

17. On or about December 1, 2016, Mata was working for Nadaf as a contract laborer for the recycling operation. At the end of the work day, Mata went to close the gate of the premises located at 10501 Jacksboro Highway, when it fell on top of him, allegedly causing severe bodily injury. 911 calls indicated to the dispatcher that a "gate fell on an employee."

18. Based on the information that Nadaf submitted for N & A in the application, Atlantic Casualty's underwriters approved the issuance of a policy. After the submission of the claim for Mata's bodily injury, Atlantic Casualty has learned that these material statements in the application were false.

## V.
## DECLARATORY JUDGMENT

19. Paragraphs 1-18 set forth above are incorporated herein by reference.

20. Nadaf has submitted a claim under the Atlantic Casualty Policy on N & A's behalf for defense and indemnity with regard to Mata's injuries.

21. Atlantic Casualty seeks a declaration from this Court that it has no duty to provide coverage for any claim by N & A, Nadaf, or Mata for Mata's bodily injuries under the terms of the Policy. Atlantic Casualty seeks a declaration that the Policy was properly voided and rescinded for material misrepresentations in the application for insurance, a declaration that the voidance and

rescission is binding on Nadaf and Mata, or alternatively, a declaration that the claim is otherwise not covered under the Policy terms, conditions or exclusions.

## A.
### FORM PROVISIONS AND DEFINITIONS

22.   The Atlantic Casualty Policy provides coverage for certain "bodily injury" caused by an "occurrence" within the Policy period. The Policy's insuring agreement states as follows:

*INSURING AGREEMENT AMENDMENT – USE OF EXTRINSIC EVIDENCE – RIGHT TO DEFEND*

*A.   Paragraph **1. a.** of **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY** is replaced by the following:*

   *a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and the duty to defend the insured against any "suit" seeking covered damages. We will have the right, but not the duty to defend the insured against any "suit" for which we dispute coverage. We will have no duty to defend or indemnify the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.*

   *We may look to extrinsic evidence outside of the allegations and/or facts pleaded by any claimant to determine whether we owe a duty to defend or indemnify against a lawsuit seeking "bodily injury" or "property damage," provided that extrinsic evidence does not contradict a claimant's pleaded allegation and provided that evidence relates to a discrete coverage issue under the policy and not a merits or liability issue. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:*
   *(1)   The amount we will pay for damages is limited as described in **Section III – LIMITS OF INSURANCE**; and*
   *(2)   Our right and duty to defend a claim to which this insurance applies ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under **COVERAGES A** or **B** or medical expenses under **COVERAGE C**.*
   \*\*\*
   *b.   This insurance applies to "bodily injury" and "property damage" only if:*

> *(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*
> *(2) The "bodily injury" or "property damage" occurs during the policy period; and*
> \*\*\*
>
> *No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **SUPPLEMENTARY PAYMENTS – COVERAGES A AND B**.*
>
> *AGL-077 03 13*

23.     The Policy states that where there is no coverage under the Policy, there is no duty to defend.  A determination regarding Atlantic Casualty's defense obligation may be made on information, evidence, or documents extrinsic to any complaint:

> ***LIMITATION – DUTY TO DEFEND***
>
> *Where there is no coverage under this policy, there is no duty to defend any insured.*
>
> *Our determination regarding a defense obligation under this policy may be made on documentation, evidence or information extrinsic to any complaint or pleading presented to us, provided such documentation, evidence or information does not contradict a pleaded allegation and provided such documentation, evidence or information relates solely to a discrete coverage issue under this policy.*
>
> *For those qualifying as an additional insured by way of an additional insured endorsement, we have the right, but not the duty, to defend.*
>
> *AGL-056 03 13*

**B.**
**POLICY CONDITIONS & MISREPRESENTATIONS**

24.     The Policy's Commercial General Liability Conditions Form states as follows regarding representations made by N & A through its principal, Nadaf:

> ***SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS***
> \*\*\*
> ***6. Representations***
> *By accepting this policy, you agree:*

  *a.* *The statements in the Declarations are accurate and complete;*
  *b.* *Those statements are based upon representations you made to us; and*
  *c.* *We have issued this policy in reliance upon your representations.*

25. The Declarations of the Atlantic Casualty Policy classify 10501 Jacksboro Highway (Location #1) as lessors risk only. This classification was based upon Nadaf's material misrepresentations described herein.

26. The representations made by Nadaf in the application were false, material, and made with intent to deceive. Atlantic Casualty relied on those representations to issue the Policy to N & A. Had the true nature of the business operations at 10501 Jacksboro Highway been known to Atlantic Casualty, it would not have underwritten the Policy.

## C.
### POLICY ENDORSEMENTS AND EXCLUSIONS

27. Alternatively, the Policy contains various conditions or exclusions that apply to Mata's claim for bodily injury.

### 1.
### INJURY TO EMPLOYEES OR CONTRACTORS, AND EMPLOYEES OF CONTRACTORS

28. The Policy issued to N & A states as follows:

*EXCLUSION OF INJURY TO EMPLOYEES, CONTRACTORS AND EMPLOYEES OF CONTRACTORS*

*Exclusion **e. Employer's Liability** of SECTION I – COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY is replaced by the following:*

*This insurance does not apply to:*
*(i) "bodily injury" to any "employee" of any insured arising out of or in the course of*
  *(a) Employment by any insured; or*
  *(b) Performing duties related to the conduct of any insured's business;*
*(ii) "bodily injury" to any "contractor" for which any insured may become liable in any capacity; or*

> *(iii)   "bodily injury" sustained by any spouse, child, parent, brother or sister of any "employee" of any insured, or of a "contractor", as a consequence of any injury to any person as set forth in paragraphs (i) and (ii) of this endorsement.*
>
> *This exclusion applies to all claims and "suits" by any person or organization for damages because of "bodily injury" to which this exclusion applies including damages for care and loss of services.*
>
> *This exclusion applies to any obligation of any insured to indemnify or contribute with another because of damages arising out of "bodily injury" to which this exclusion applies, including any obligation assumed by an insured under any contract.*
>
> *With respect to this endorsement only, the definition of "Employee" in the **SECTION V - DEFINITIONS** is replaced by the following:*
>
> *"Employee" shall include, but is not limited to, any person or persons hired, loaned, leased, contracted, or volunteering for the purpose of providing services to or on behalf of any insured, whether or not paid for such services and whether or not an independent contractor.*
>
> *As used in this endorsement, "contractor" shall include but is not limited to any independent contractor or subcontractor of any insured, any general contractor, any developer, any independent contractor or subcontractor of any general contractor, any independent contractor or subcontractor of any developer, any independent contractor or subcontractor of any property owner, and any and all persons working for and or providing services and or materials of any kind for these persons or entities mentioned herein.*
>
> *ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED*
>
> *AGL-055A   03-13*

29.   The Policy does not cover "bodily injury" to any "employee" of <u>any insured</u> arising in the course of their employment or while performing duties related to the conduct of <u>any insured's</u> business. "Employee" is broadly defined to include any person "providing services to or on behalf of any insured." As an "employee" of Nadaf (an insured under the policy), the "bodily injury" to Mata is not covered by the Atlantic Casualty Policy.

30.   The Policy also does not cover "bodily injury" to any "contractor" "for which any insured may become liable in any capacity." "Contractor" includes "any and all persons working

**PLAINTIFF ATLANTIC CASUALTY INSURANCE COMPANY'S**                                                                 **PAGE 8**
**ORIGINAL COMPLAINT SEEKING DECLARATORY JUDGMENT**

for and or providing services" for "any independent contractor or subcontractor of any insured," or "any independent contractor or subcontractor of any property owner." To the extent Mata is a "contractor" rather than an "employee," his claim is not covered by the Policy.

31. At the time of his injury, Mata was working on the premises. During the course of Atlantic Casualty's investigation of the claim, Nadaf stated that Mata was a day laborer on the premises paid in cash. Thus, the exclusion applies to preclude coverage for Mata's injury.

## 2.
## OTHER PROVISIONS

32. To the extent applicable, the following provisions also preclude coverage for Mata's "bodily injury:"

> *2.*   *Exclusions*
> *We will not pay expenses for "bodily injury:"*
>
> *a.*   **Any Insured**
> *To any insured.*
> *[As amended by AGL 112 03 13]*
>
> *b.*   **Hired Person**
> *To a person hired to do work for or on behalf of any insured or a tenant of any insured.*
>
> *c.*   **Injury on Normally Occupied Premises**
> *To a person injured on that part of premises you own or rent that the person normally occupies.*
>
> *d.*   **Workers Compensation And Similar Laws**
> *To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.*
> \*\*\*
> *g.*   **Coverage A Exclusions**
> *Excluded under Coverage A.*

# VI.
# PRAYER

33. For these reasons, Plaintiff Atlantic Casualty Insurance Company asks for judgment against Defendants, N & A Properties, Inc., Mustafa Nadaf, and Filomeno Grande Mata for:

    a.    a declaration that Atlantic Casualty properly rescinded the Policy for material misrepresentations in the application for insurance;

    b.    that the voidance and rescission of the Policy is binding and enforceable on the Defendants;

    c.    Alternatively, that there is no coverage for N & A, Nadaf, or Mata under the Atlantic Casualty Policy for the bodily injury claim by Mata;

    d.    costs of court; and

    e.    all other relief the Court deems proper.

Respectfully submitted,

SAVRICK, SCHUMANN, JOHNSON,
MCGARR, KAMINSKI & SHIRLEY, L.L.P.

By: *Camille Johnson*
    Camille Johnson, attorney-in-charge
    State Bar No. 10686600
    Gary N. Schumann
    State Bar No. 17851930
    Allison Griswold
    State Bar No. 24074320
    6440 N. Central Expressway, Suite 107
    Dallas, Texas 75206
    Phone: (214) 368-1515
    Fax: (214) 292-9647
    Emails: gary@ssjmlaw.com
             camille@ssjmlaw.com
             allison@ssjmlaw.com

**ATTORNEYS FOR PLAINTIFF,
ATLANTIC CASUALTY INSURANCE COMPANY**