U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 22 2018

CLERK, U.S. DISTRICT COURT
By_____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 4:17-CV-368-A |
| N & A PROPERTIES, INC., ET AL., | § § | |
| Defendants. | § § | |
| VS. | § § | |
| LISA DUCOTE AND WORRELL & WORRELL INSURANCE AGENCY, INC., | § § § | |
| Third-Party Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of plaintiff, Atlantic Casualty Insurance Company, for partial summary judgment. The court, having considered the motion, the response of defendants N & A Properties, Inc. ("N & A"), and Mustafa Nadal ("Nadal"), the response of defendant Filomeno Grande Mata ("Mata"), the replies to each of the responses, the record, and applicable authorities, finds that the motion should be denied.

I.

## Plaintiff's Claims

The operative pleading is plaintiff's first amended complaint filed January 18, 2018. Doc.[1] 74. In it, plaintiff alleges:

N & A is a Texas corporation formed in January 2014. Doc. 74 at 3, ¶ 11. Nadaf is its registered agent and sole officer and director. Id. On October 26, 2016, Nadaf, as "applicant," applied to plaintiff for insurance on "Commercial Property Held For Lease" at 10501 Jacksboro Highway (the "property") owned by N & A. Id. at ¶ 12. The application classed the premises as "Buildings or premises bank, office, mercantile, mfg. (Lessor's Risk only) Other than Not-For-Profit." Id. Nadaf responded "No" to the question whether he had any other business ventures for which coverage was not requested. Id. at ¶ 13. Nadaf stated that N & A had one employee with an "employee annual payroll of 10000 [sic]" not including the "owner." Id. Nadaf further represented that N & A did not subcontract any work and did not have any subsidiaries. Id. at 4. Based on Nadaf's representations, plaintiff issued commercial property and commercial general liability insurance policy number M188000452 to N & A with a policy period of October 31, 2016, to October 31, 2017 (the

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

2

"policy"). Id. at ¶ 14. Unbeknownst to plaintiff, Nadaf in fact leased the property to his own scrap metal yard and/or recycling business, 199 Recycling, Inc. ("199 Recycling"), of which Nadaf is registered agent and sole officer. Id. at 15.

On or about December 1, 2016, Mata was working for Nadaf at the property. At the end of the work day, Mata went to close the gate when it fell on top of him, causing severe bodily injury. Id. at ¶ 17. On December 18, 2017, Mata filed a lawsuit against Nadaf, 199 Recycling, and N & A in state court.

Plaintiff seeks a declaratory judgment that it has no duty to defend or indemnify N & A or Nadaf or 199 Recycling for Mata's claims. It further seeks a declaratory judgment that the policy was properly voided and rescinded for material misrepresentations and that the voidance is binding on Nadaf and Mata.

II.

Grounds of the Motion

Plaintiff seeks judgment that the policy does not cover the "bodily injury" to Mata because: (1) N & A and Nadaf are insureds; (2) the policy excludes all on-the-job injuries; and (3) that Mata recently filed a state court lawsuit does not change the outcome.

3

III.

## Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party

4

as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 597 (1986). In <u>Mississippi Prot. & Advocacy Sys., Inc. v. Cotten</u>, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[2] <u>Celotex Corp.</u>, 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. <u>Matsushita</u>, 475 U.S. at 597; <u>see also</u> <u>Mississippi Prot. & Advocacy Sys.</u>, 929 F.2d at 1058.

IV.

Analysis

Plaintiff argues that the "Exclusion of Injury to Employees, Contractors and Employees of Contractors" provision of the policy

---

[2] In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

excludes coverage for the injuries suffered by Mata. That provision states, in pertinent part:

> This insurance does not apply to:
> (i) "bodily injury" to any "employee" of any insured arising out of or in the course of:
> (a) Employment by any insured; or
> (b) Performing duties related to the conduct of any insured's business;
> (ii) "bodily injury" to any "contractor" for which any insured may become liable in any capacity. . . .

Doc. 71 at 50. Plaintiff's primary argument is based on the assumption that Nadaf--in whatever capacity he was acting-- is an insured under the policy.

The declarations page of the policy names N & A as the named insured. Doc. 71 at 17. N & A is described as an organization other than a partnership or joint venture. Id. The Commercial General Liability Coverage Form says that throughout the policy the words "you" and "your" refer to the named insured shown in the declarations. Id. at 19.

The policy defines the term "insured" as follows:

1. If you are designated in the Declarations as:
   . . .
   d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

Id. at 26. As stated, the declarations page names N & A, a corporation, as the named insured. Id. at 6. Accordingly, Nadaf is an insured only to "with respect to" his duties as an officer, director, or stockholder of N & A. Nadaf is not an insured for all purposes, that is, no matter the capacity in which he was acting.

Logically, Nadaf, as officer, director, or stockholder of N & A, could have authorized another business to operate at the premises where Mata was injured. After all, N & A owned the premises. However, plaintiff has not come forward with summary judgment evidence to show that operating that other business, 199 Recycling, was actually the business of N & A. In other words, the summary judgment evidence does not establish that Nadaf was acting as an insured in dealing with Mata. Rather, the evidence at least raises a fact issue as to whether Nadaf was acting on his own behalf or on behalf of 199 Recycling in directing Mata's work. Thus, plaintiff has not established as a matter of law that either exclusion (i)(a) or (i)(b) applies.

Exclusion (ii) says that the insurance does not apply to bodily injury to any contractor for which any insured "may become liable in any capacity." Doc. 71 at 50. Arguably, Nadaf may become liable for Mata's injuries in his individual capacity or in connection with his role in 199 Recycling. But the summary

Id. at 26. As stated, the declarations page names N & A, a corporation, as the named insured. Id. at 6. Accordingly, Nadaf is an insured only to "with respect to" his duties as an officer, director, or stockholder of N & A. Nadaf is not an insured for all purposes, that is, no matter the capacity in which he was acting.

Logically, Nadaf, as officer, director, or stockholder of N & A, could have authorized another business to operate at the premises where Mata was injured. After all, N & A owned the premises. However, plaintiff has not come forward with summary judgment evidence to show that operating that other business, 199 Recycling, was actually the business of N & A. In other words, the summary judgment evidence does not establish that Nadaf was acting as an insured in dealing with Mata. Rather, the evidence at least raises a fact issue as to whether Nadaf was acting on his own behalf or on behalf of 199 Recycling in directing Mata's work. Thus, plaintiff has not established as a matter of law that either exclusion (i)(a) or (i)(b) applies.

Exclusion (ii) says that the insurance does not apply to bodily injury to any contractor for which any insured "may become liable in any capacity." Doc. 71 at 50. Arguably, Nadaf may become liable for Mata's injuries in his individual capacity or in connection with his role in 199 Recycling. But the summary

Id. at 26. As stated, the declarations page names N & A, a corporation, as the named insured. Id. at 6. Accordingly, Nadaf is an insured only to "with respect to" his duties as an officer, director, or stockholder of N & A. Nadaf is not an insured for all purposes, that is, no matter the capacity in which he was acting.

Logically, Nadaf, as officer, director, or stockholder of N & A, could have authorized another business to operate at the premises where Mata was injured. After all, N & A owned the premises. However, plaintiff has not come forward with summary judgment evidence to show that operating that other business, 199 Recycling, was actually the business of N & A. In other words, the summary judgment evidence does not establish that Nadaf was acting as an insured in dealing with Mata. Rather, the evidence at least raises a fact issue as to whether Nadaf was acting on his own behalf or on behalf of 199 Recycling in directing Mata's work. Thus, plaintiff has not established as a matter of law that either exclusion (i)(a) or (i)(b) applies.

Exclusion (ii) says that the insurance does not apply to bodily injury to any contractor for which any insured "may become liable in any capacity." Doc. 71 at 50. Arguably, Nadaf may become liable for Mata's injuries in his individual capacity or in connection with his role in 199 Recycling. But the summary

judgment evidence does not establish that Mata meets the definition of "contractor" as defined in the exclusion:

> As used in this endorsement, "contractor" shall include, but is not limited to, any independent contractor or subcontractor of any insured, any general contractor, any developer, any independent contractor or subcontractor of any general contractor, any independent contractor or subcontractor of any developer, any independent contractor or subcontractor of any property owner, and any and all persons working for or providing services and or materials of any kind for these persons or entities mentioned herein.

Id. Plaintiff itself argues, and cites evidence to show, that Mata was an employee. Doc. 62 at 6-9. The summary judgment evidence does not establish that Mata was an employee of an insured or of a contractor or subcontractor of an insured.

In its reply to Mata's response to the summary judgment motion, plaintiff argues for the first time that 199 Recycling, as lessee of N & A, is a contractor under the policy. Doc. 98 at 6-7. Further, it argues that 199 Recycling is a developer under the policy, because it paid for the construction of improvements to N & A's land. Id. at 7. The court does not consider for the first time arguments made in a reply. See United States v. Jackson, 426 F.3d 301, 304 n.2 (5th Cir. 2005); Shelton v. Tarrant County College Dist., No. 4:16-CV-973-A, 2016 WL 7441678, at *2 (N.D. Tex. Dec. 23, 2016).

Finally, plaintiff argues that Mata's state court lawsuit does not affect the outcome. The argument, however, depends upon

8

plaintiff's having shown itself entitled to judgment on the grounds discussed <u>supra</u>. For the reasons stated, plaintiff cannot prevail on those grounds based on the summary judgment evidence presented. Accordingly, the court need not take up the eight-corners argument plaintiff presents.

V.

Order

The court ORDERS that plaintiff's motion for partial summary judgment be, and is hereby, denied.

SIGNED February 22, 2018.

_____
JOHN McBRYDE
United States District Judge